# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEALED | : | **FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)** |
| Plaintiffs, | : | |
| | : | CIVIL ACTION NO. |
| vs. | : | |
| | : | COMPLAINT |
| SEALED | : | |
| | : | JURY TRIAL DEMANDED |
| Defendants. | : | |
| | : | **DO NOT PLACE IN PRESS BOX** |

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* ANDREW SUMMERS, M.D., | : : : | **FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)** |
| Plaintiff, | : : | COMPLAINT |
| vs. | : : | JURY TRIAL DEMANDED |
| MYDOC URGENT CARE, LLC, and MYDOC URGENT CARE CHINATOWN, LLC | : : : : | |
| Defendants. | : : | **DO NOT PLACE IN PRESS BOX** |

On behalf of the United States of America pursuant to the United States False Claims Act, 31 U.S.C. § 3729 *et seq.* ("FCA"), Plaintiff-Relator Andrew Summers, M.D. ("Relator") files this *qui tam* Complaint for treble damages and civil money penalties against defendants MyDoc Urgent Care, LLC and MyDoc Urgent Care Chinatown, LLC arising out of Defendants' (a) false and fraudulent billing of Medicare, Medicaid and other federal health care programs, and (b) false and fraudulent claims in violation of federal family and medical leave legislation enacted in response to the COVID-19 pandemic. In support of these claims, Relator alleges as follows:

I.   **THE PARTIES**

   A.   **Plaintiff-Relator**

   1.   Plaintiff-Relator Andrew Summers, M.D. is an individual citizen of the Commonwealth of Pennsylvania.

2. Relator is a medical doctor in the second year of his orthopedic surgery residency at the Hospital of the University of Pennsylvania and has received medical care and treatment at one of defendants' clinics.

**B. Defendants**

3. Defendant MyDoc Urgent Care, LLC is a Pennsylvania corporation with a registered place of business at 3135 Alpin Drive, Dresher, PA 19025.

4. Defendant MyDoc Urgent Care Chinatown, LLC is a Pennsylvania corporation with a registered place of business at 3135 Alpin Drive, Dresher, PA 19025.

5. Collectively, Defendants own and operate four urgent care clinics in Philadelphia:

- 1420 Locust St., Phila., PA 19102 (Center City)
- 3717 Chestnut St., Suite 202, Phila., PA 19104 (University City)
- 1008 Arch St., #102, Phila., PA 19107 (Chinatown)
- 1501 N. Broad St. #10, Phila., P 19122 (Temple University)

6. According to its website, Defendants also operate a primary care practice at the Center City location.

**II. JURISDICTION AND VENUE**

7. The Court has subject matter jurisdiction over this case pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. §§ 1331 and 1345.

8. Venue is proper in this judicial district pursuant to 31 U.S.C. § 3732(a) and/or 28 U.S.C. § 1391(b).

9. This Court has personal jurisdiction over the defendant under 31 U.S.C. § 3732(a) because defendant transacts business and submitted false or fraudulent claims directly or indirectly to the federal government in this judicial district.

10. Relator has direct and independent knowledge on which the allegations are based, is an original source of this information to the United States, and he has voluntarily provided the information to the United States before filing this action based on the information.

11. This suit is not based on prior public disclosures of allegations or transactions in a criminal, civil or administrative hearing, lawsuit, investigation, audit or report, or from the news media. To the extent that there has been any public disclosure unknown to Relator, he is an original source under 31 U.S.C. § 3730(e)(4).

### III. AFFECTED FEDERAL HEALTH CARE PROGRAMS

#### A. Medicare

12. Medicare is a federal health insurance system for people 65 and older and for people under 65 with certain disabilities. Medicare Part A provides hospital insurance for eligible individuals. *See* 42 U.S.C. §§1395c-1395i. Medicare Part B is a voluntary subscription program of supplementary medical insurance covering items and services other than hospitalization expenses. *See* 42 U.S.C. § 1395k(a)(2)(B).

#### B. Medicaid

13. Medicaid is a federal health insurance system that is administered by the states and is available to low-income individuals and families who meet eligibility requirements determined by federal and state law.

14. Medicaid pays for items and services pursuant to plans developed by the states and approved by the United States Department of Health and Human Services ("HHS") through the Centers for Medicare & Medicaid Services ("CMS"). 42 U.S.C. §§ 1396a(a)-(b). States pay health care providers according to established rates, and the federal government then pays a

statutorily established share of "the total amount expended … as medical assistance under the State plan." *See* 42 U.S.C. §§ 1396b(a)(1).

15. At all relevant times, the United States provided federal funds to the Medicaid programs of Pennsylvania, which are governed by the Department of Human Services. Thus, all claims or requests for payments submitted to the Medicaid programs are subject to liability under the False Claims Act pursuant to 31 U.S.C. § 3801(a)(3)(B)(ii).

### C. Other Federal Health Care Programs

16. The federal government administers other health care programs including, but not limited to, TRICARE, CHAMPVA, and the Federal Employee Health Benefit Program.

17. TRICARE, administered by the United States Department of Defense, is a health care program for individuals and dependents affiliated with the armed forces.

18. CHAMPVA, administered by the U.S. Department of Veterans Affairs, is a health care program for the families of veterans with 100 percent service-connected disability.

19. The Federal Employee Health Benefit Program, administered by the United States Office of Personnel Management, provides health insurance for federal employees, retirees, and survivors.

## IV. THE UNITED STATES FALSE CLAIMS ACT

20. The United States False Claims Act prohibits, *inter alia*, the following:

> knowingly presenting (or causing to be presented) to the federal government a false or fraudulent claim for payment or approval;
>
> knowingly making or using (or causing to be made or used) a false record or statement material to a false or fraudulent claim; and
>
> knowingly concealing or knowingly and improperly avoiding or decreasing an obligation to pay or transmit money to the Government.

31 U.S.C. §§ 3729(a)(1)(A)-(B), and (G).

## V.  DEFENDANTS' FRAUDULENT CONDUCT

21. Relator has learned the following information as a patient at Defendants' University City location on dates including July 6, July 8 and August 27, 2020.

### A.  Fraudulent billing for patient encounters

22. One of the Defendants' owners, JingJing Cal, has admitted that Defendants are fraudulently billing for every patient encounter as an in-person visit with a physician when, in fact, patients rarely see a doctor at all and, even when patients do see a doctor, the visit is virtual rather than in-person.

23. In fact, Defendants have just one doctor to cover all four locations. The doctor is Dr. Wanzhu Tang, who is identified on the Pennsylvania corporations bureau website as one of the company's owners.

24. Dr. Tang sees patients in-person one day per week at the Center City location.

25. Apart from that one day per week at the Center City location, no patient who presents for care and treatment at any of Defendants' four locations is seen by a physician.

26. The Center City, Chinatown and Temple University locations are open Monday through Friday.

27. An Advanced Practitioner Professional (APP) – a nurse practitioner or physician's assistant – sees patients one day per week at the Chinatown and Temple University locations. On the other four days per week, the only person on-site four days per week is an administrative assistant.

28. On these four days per week, any patient who presents for treatment is seen virtually by an APP.

29. These telemedicine appointments are nevertheless billed as in-person visits with a physician.

30. The same is true of patients to the Center City location on the four days per week that Dr. Tang is not there – these telemedicine appointments with an APP are also billed as in-person visits with a physician.

31. The University City location is open seven days per week, but Dr. Tang never sees patients at that location.

32. An APP is on duty every day at the University City location and sees patients in person there.

33. All patient encounters at University City are nevertheless billed as in-person visits with a physician.

34. This fraud has been occurring for up to five years.

35. This fraud is material to the government. Medicare pays for services provided by APPs at 85% of the amount that a physician receives under the Medicare Physician Fee Schedule (PFS). *See* CMS Medicare Claims Processing Manual Chapter 12, Sections 110 and 120.

36. A provider is entitled to 100% of the Medicare PFS rate only where (a) the service is a "shared service" (*i.e.*, both the physician and the APP have an in-person encounter with the Medicare beneficiary); or (b) the APP provides services "incident to" physician professional services in the physician's practice.

37. As to the latter, CMS has stated:

> To qualify as 'incident to," services must be part of [a physician's] normal course of treatment, during which a physician personally performed an initial service and remains actively involved in the course of treatment. [The physician does] not have to be physically present in the patient's treatment room while these services are provided, but … must provide direct supervision, that is … be present

6

>in the office suite to render assistance, if necessary. The patient record should document the essential requirements for incident to service.

*See* Medicare Learning Network Matters Number SE0441, "'Incident To' Services," revised August 23, 2016 (https://www.cms.gov/outreach-and-education/medicare-learning-network-mln/mlnmattersarticles/downloads/se0441.pdf) (last accessed Sept. 8. 2020).

38. The telehealth encounters with APPs described herein clearly do not qualify as either shared services or incident to services eligible for Medicare reimbursement at 100% of the PFS rate.

39. Moreover, Relator has witnessed first-hand the impact that this scheme has on patient care. He was in the University City clinic on one occasion when a patient with a broken foot was misdiagnosed in his presence by a physician's assistant and, but for Relator's intervention, the patient would have been sent on his way with the wrong instructions, worsening his outcome.

40. Relator has information regarding additional instances when Defendants fraudulently billed for in-person physician visits.

41. Last year, approximately 900 patients were given the flu vaccine off-site at Drexel University and these vaccinations were billed as in office visits with a physician at the University City location.

42. Currently, approximately 20 patients per day are undergoing COVID-19 testing at each clinic, and these encounters are being billed as in person physician visits (CPT code 99203).

43. Relator has information that Defendants also routinely bill for a Level 5 visit anytime a physical exam is performed or multi-system complaint is reported.

### B.     Fraud in violation of the FFCRA and CARES Acts

44.     The Families First Coronavirus Response Act (FFCRA), Pub. L. 116-127 (Mar. 18, 2020), and The Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. 116-136 (Mar. 27, 2020), required private sector employers to provide family and medical paid leave for employees impacted by the coronavirus pandemic and provided for reimbursement of employers through tax credits.

45.     In general, to be eligible for paid leave, the employee must have been unable to work because he or she was experiencing symptoms of COVID-19, was subject to a government or physician ordered quarantine, or was caring for either someone subject to quarantine or a child whose school or child care center were closed due to COVID-19.

46.     Defendants fraudulently applied for federal relief under the FFCRA and CARES Acts on the basis that employees had taken family and medical paid leave for reasons related to the COVID-19 pandemic when that was not true.

47.     The owner, JingJing Cal, has placed the CARES relief money into a separate account and is using it to reduce Defendants' payroll cost, supplementing employee paychecks with "COVID pay" instead.

48.     For example, an employee who worked 40 hours in a given pay period would receive a paycheck reflecting only 20 hours worked and a supplemental payment for the additional wages owed from this separate bank account.

49.     The employees receiving this money had not contracted COVID-19 and were not required to quarantine or care for others as a result of COVID-19 exposure.

50.     Relator has information that the owner, JingJing Cal, has admitted to this fraud in a text message to one of Defendants' employees.

## COUNT I

## VIOLATION OF THE FALSE CLAIMS ACT – 31 U.S.C. § 3729(a)(1)(A)

51. Relator incorporates by reference and re-alleges all paragraphs of this Complaint set forth above as if fully set forth herein.

52. Defendants knowingly presented, or caused to be presented, and continue to present or cause to be presented, false and fraudulent claims for payment or approval to the United States – *i.e.*, the foregoing false and fraudulent claims for payments from Medicare and other federal health care programs as well as claims in violation of the FFCRA and CARES Acts – in violation of 31 U.S.C. § 3729(a)(1)(A).

53. Said false and fraudulent claims were presented with defendants' actual knowledge of their falsity, or with reckless disregard or deliberate ignorance of whether or not they were false.

54. The United States relied on these false and fraudulent claims, was ignorant of the truth regarding these claims, and would not have paid defendants for these false and fraudulent claims had it known the falsity of said claims by defendants.

55. As a direct and proximate result of the false and fraudulent claims made by defendants, the United States has suffered damages and therefore is entitled to recovery as provided by the False Claims Act in an amount to be determined at trial, plus a civil penalty in the amount allowable by law for each such violation of the False Claims Act.

WHEREFORE, Relator requests that judgment be entered against defendants MyDoc Urgent Care, LLC and MyDoc Urgent Care Chinatown, LLC for treble the amount of the United States' damages to be determined at trial, and all allowable civil penalties, fees, interest and costs

under the False Claims Act and for all other and further relief as the Court may deem just and equitable.

## COUNT II

## VIOLATION OF THE FALSE CLAIMS ACT – 31 U.S.C. § 3729(a)(1)(B)

56. Relator incorporates by reference and re-alleges all paragraphs of this Complaint set forth above as if fully set forth herein.

57. Defendants knowingly made, used or caused to be made or used, and continue to make, use and cause to be made or used, false records or false statements material to the foregoing false or fraudulent claims to get these false or fraudulent claims paid and approved by the United States, in violation of 31 U.S.C. § 3729(a)(1)(B).

58. Defendants' knowingly false records or false statements were material, and upon information and belief continue to be material, to the false and fraudulent claims for payments it made and continues to make to the United States.

59. Defendants' materially false records or false statements are set forth above and include, but are not limited to (a) false medical records and billing information, to get false or fraudulent Medicare claims (and other federal health care program claims) paid or approved by the United States, in that the services provided did not meet billing criteria, and (b) false records related to employee family and medical leave.

60. These said false records or false statements were made, used or caused to be made or used, and continue to be made, used and caused to be made and used, with defendants' actual knowledge of their falsity, or with reckless disregard or deliberate ignorance of whether or not they were false.

61. As a direct and proximate result of these materially false records or false statements, and the related false or fraudulent claims made by defendants, the United States has suffered damages and therefore is entitled to recovery as provided by the False Claims Act in an amount to be determined at trial, plus a civil penalty in the amount allowable by law for each such violation of the False Claims Act.

WHEREFORE, Relator requests that judgment be entered against defendants MyDoc Urgent Care, LLC and MyDoc Urgent Care Chinatown, LLC for treble the amount of the United States' damages to be determined at trial, and all allowable civil penalties, fees, interest and costs under the False Claims Act and for all other and further relief as the Court may deem just and equitable.

## COUNT III

### VIOLATION OF THE FALSE CLAIMS ACT – 31 U.S.C. § 3729(a)(1)(G)

62. Relator incorporates by reference and re-alleges all paragraphs of this Complaint set forth above as if fully set forth herein.

63. Upon information and belief, defendants knowingly made, used or caused to be made or used, and continue to knowingly make, use or cause to be made or used, false records or false statements, material to an obligation to pay or transmit money or property to the United States Government, or knowingly concealed and continues to conceal an obligation to pay or transmit money or property to the United States Government, or knowingly and improperly avoided or decreased, and continues to knowingly and improperly avoid and decrease, an obligation to pay or transmit money or property to the United States Government, in violation of 31 U.S.C. § 3729(a)(1)(G).

64. As a direct and proximate result of the above conduct by defendants, the United States has suffered damages and therefore is entitled to recovery as provided by the False Claims Act of an amount to be determined at trial, plus a civil penalty in the amount allowable by law for each violation of the False Claims Act.

WHEREFORE, Relator requests that judgment be entered against defendants MyDoc Urgent Care, LLC and MyDoc Urgent Care Chinatown, LLC for treble the amount of the United States' damages to be determined at trial, and all allowable civil penalties, fees, interest and costs under the False Claims Act and for all other and further relief as the Court may deem just and equitable.

Respectfully submitted,

YOUMAN & CAPUTO, LLC

Dated: September 17, 2020        BY: _____
DAVID J. CAPUTO, ESQUIRE
ZACHARY ARBITMAN, ESQUIRE
3803 West Chester Pike, Suite 150
Newtown Square, PA 19073
(215) 302-1999
dcaputo@youmancaputo.com

**JOSEPH TRAUTWEIN & ASSOCIATES, LLC**
BY:   JOSEPH TRAUTWEIN, ESQUIRE
17 Auchy Road
Erdenheim, Pennsylvania 19038
(215) 764-2301
jtrautwein@cpmiteam.com

*Attorneys for the Plaintiff-Relator*